■ In the Matter of the Claim of JESSIE WATCH, Respondent, v. WARWICK VALLEY CONTRACTORS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding death benefits on the ground that there is no substantial evidence to support the board's finding that a compensable myocardial infarction decedent sustained in 1956 while employed by the employer herein "superimposed upon an underlying arteriosclerotic condition resulted in congestive heart failure and death on October 18, 1957." On December 10, 1956, when decedent was age 55 and employed by the employer herein, he suffered what was diagnosed as a posterior wall myocardial infarction. After a contested hearing compensation was awarded for total disability from December 11, 1956 to February 3, 1957 and for partial disability from February 3 to August 3, 1957. From August 3 until October 17, 1957, decedent worked as a watchman for another employer. On September 24, 1957 Dr. Witt, who

had treated decedent when he had had his infarction, was called to visit decedent at decedent's home and noticed what he diagnosed to be signs of congestive heart failure. Subsequently on office visits to Dr. Witt on October 1 and October 5, 1957 decedent again exhibited symptoms of congestive heart failure. On October 17, 1957 decedent was hospitalized by Dr. Witt, but he expired soon after admission. An autopsy was performed which revealed, among other things, extensive fibrosis in the interventricular septum and of the myocardium of the left ventricle and marked arteriosclerosis of the coronary vessels but no recent infarction. Dr. Witt, a general practitioner and claimant's sole expert, gave a history of decedent's myocardial infarction of December 10, 1956. He then testified that decedent's death of congestive heart failure was causally related to the 1956 infarction. While on cross-examination he admitted that decedent had a coronary pathology of the atheriosclerosis type which could have led to congestive heart failure in and of itself, on redirect he opined that the infarct superimposed on the arteriosclerotic condition could have shortened the decedent's life. Appellants' expert, Dr. Mokotoff, did not deny that the infarct contributed to decedent's death but felt that a nonrelated lung disease contributed "just as much" to death as the infarct. Thus we find the record presents the usual conflict of medical evidence with respect to causal relationship which the board has resolved on the basis of substantial evidence and which therefore may not be disturbed (*Matter of Schechter* v. *State Ins. Fund,* 6 N Y 2d 506, 512; *Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.